**Ruby Lee CHILES, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Sec. of Health and Human Services, Defendant.**

**No. C–1–87–235.**

United States District Court, S.D. Ohio, W.D.

June 17, 1988.

---

Robert W. Cettel, Cincinnati, Ohio, for plaintiff.

J.E. Kane, Asst. U.S. Atty., Columbus, Ohio, and Kent Murphy, Office of Gen. Counsel, Chicago, Ill., for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 15), and plaintiff's objections thereto and Alternate Motion to Remand to the Secretary (doc. no. 17).

■ The first matter addressed in the Magistrate's Report concerns defendant's motion for imposition of sanctions in the form of attorney fees against counsel for plaintiff for failure to timely file a Statement of Errors. The Court ADOPTS the Magistrate's factual findings and legal reasoning on this issue and agrees that plaintiff's counsel has not willfully abused the judicial process, has not acted in bad faith, and has not needlessly obstructed the proper disposition of this case. Further, under these circumstances, the Court agrees with the Magistrate's conclusion that the untimely filing was not done for the purposes of harassment or unnecessary delay, or to needlessly increase the cost of this litigation. Accordingly, sanctions under this Court's inherent authority, 28 U.S.C. § 1927, and/or Fed.R.Civ.P. 11 are not warranted. Therefore, defendant's Motion for Sanctions (doc. no. 8A) is hereby DENIED.

■ The second matter is that of plaintiff's motion to strike defendant's pleadings on the basis that defendant did not properly serve plaintiff's counsel with an answer and transcript. For the reasons set forth in the Magistrate's Report, the Court agrees with the Magistrate's conclusion that defendant has not violated Fed.R. Civ.P. 5. Accordingly, the Court ADOPTS the Magistrate's legal reasoning and his recommendation; therefore, plaintiff's Mo-

tion to Strike (doc. no. 10) is hereby DENIED.

The third and last matter concerns the final decision of the Secretary of Health and Human Services ("Secretary"), which in this case is the findings of the Appeals Council, that plaintiff is not entitled to old-age insurance benefits based on her application of December 20, 1983.

The procedural history and relevant facts are accurately set out in the Magistrate's Report and are incorporated herein by reference.

The crucial determination, with which the Administrative Law Judge ("ALJ") and the Secretary were faced, is whether plaintiff has submitted sufficient evidence that she worked in a restaurant in Louisa, Kentucky prior to 1943 for six months at $5.00 per week so as to establish an additional quarter of coverage. The ALJ found that plaintiff had so established the required additional quarter which gave her the 29 quarters of coverage necessary to meet the insured status requirements for entitlement to old-age insurance benefits; the Appeals Council reversed and found that plaintiff had only 28 quarters of coverage.

The decision of the Appeals Council explains at the outset that it reviewed the decision of the ALJ on its own motion and due to an error of law under authority of sections 404.969 and 404.970(a)(2) of the Social Security Administration Regulations No. 4. The Appeals Council, however, reversed the decision of the ALJ not upon a point of law, but upon a re-evaluation of the credibility of the evidence and upon a re-weighing of the evidence.

Upon consideration of additional evidence, the ALJ found that there was "sufficient confirmation" of plaintiff's alleged employment despite the absence of any record of such employment on the earnings records of the Social Security Administration ("SSA"). The SSA wage records are silent as to any qualifying wages paid to plaintiff from 1936 to 1943. The ALJ noted that compliance with the Social Security Act and its wage reporting requirements was often poor in the years shortly after its enactment, particularly in rural areas.

He further pointed out the extreme difficulty of establishing, more than 40 years after the fact, that one worked for a business which no longer exists. The ALJ concluded that the evidence actually presented and available in the record was sufficient to overcome the evidentiary value of the presumption that plaintiff had no covered earnings for the years 1937–1943 which may have arisen from the absence of an entry on the reported earnings record for those years. The ALJ stated that it was "more likely than not" that plaintiff earned the additional quarter of coverage which was necessary for her to qualify for the insurance benefits.

The Appeals Council reversed stating that plaintiff's evidence failed to substantially overcome the presumption that no wages were paid to plaintiff as alleged which arises from the absence of an entry in the Secretary's records. The Appeals Council held that the evidence submitted in support of plaintiff's allegations did not substantially outweigh the evidence of the presumption established by the SSA wage records, and held, therefore, that plaintiff failed to prove her case.

Under 42 U.S.C. § 405(c)(4)(B), the absence of an entry in the Secretary's records as to the wages alleged to have been paid by an employer to an individual during any period "shall be presumptive evidence ... that no such alleged wages were paid to such individual in such period." Further, Social Security Ruling 62–11 [November 1961—August 1962 Transfer Binder] Unempl. Ins. Rep. (CCH) ¶ 14,195 (1962), states in pertinent part:

> In the absence of any entry on an individual's earnings record for any period, the evidence needed to prove alleged wages on his earnings record must, in any event, be substantial and of probative value and clearly establish both the amount of wages paid and the time of such payment. Moreover, the evidence necessary to establish wages for a period in a year for which the time limitation has expired must also be sufficient to overcome the statutory presumption that no such wages were paid.

■ The ALJ correctly required plaintiff to prove by a preponderance of the evidence that wages were paid to her during 1937–1943 which would entitle her to an additional quarter of coverage. He concluded, after weighing the evidence of the SSA records with the evidence presented by plaintiff which he concluded was credible, that plaintiff was entitled to the 29th quarter of coverage. The Appeals Council rejected the ALJ's findings, and held that more than a preponderance of the evidence was required to overcome the statutory presumption; the Appeals Council, without specifically finding an abuse of discretion on behalf of the ALJ, ruled that the evidence was not sufficient to prove plaintiff's claim. This Court disagrees.

It is this Court's determination that the "substantial evidence" standard is less stringent than the "preponderance of the evidence" standard. This Court follows the analysis set forth in *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir.1966) which clearly defines "substantial evidence":

> Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat *less than a preponderance*. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence' ... It is not within the province of this court to determine the weight of the evidence; nor is it our function to substitute our judgment for that of the Secretary if his decision is supported by substantial evidence. (emphasis added).

*Id.* at 642; see also *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); but cf. *Kephart v. Richardson*, 505 F.2d 1085 (3d Cir.1974) (the substantial evidence standard is greater than the preponderance standard; however, the Court does not define either standard and does not clearly articulate its reasoning.)

■ In this Court's analysis, the preponderance of the evidence standard necessarily involves the consideration of the evidence both in support of and contrary to a proposition and the *weighing* of each to determine which represents the preponderance; this standard requires that all the evidence be examined in relation to the other to determine the balance. The substantial evidence standard, however, focuses only on the evidence in support of a position or ruling and does not require any comparison or weighing; this standard only requires that the evidence offered in favor of a party is such that a reasonable person might accept it as adequate regardless of the type or quantity of evidence submitted in opposition to it. The substantial evidence standard does not require the balancing of conflicting evidence, as does the preponderance of the evidence standard, but is a different standard which requires a different approach and may result in an easier threshold for the party offering the evidence to prove an issue of fact.

■ Based upon the foregoing, the Court finds that the ALJ applied the proper standard and that his decision was supported by substantial evidence; absent a specific finding by the Appeals Council that the ALJ abused his discretion or committed an error of law, the ALJ's decision must become the final decision of the Secretary. The Appeals Council recognized this principle and specifically stated that it intended its review to be "on its own motion and *due to an error of law*." (Emphasis added).

The Appeals Council, instead, proceeded to re-analyze and re-weigh the evidence and thereafter held that the direct evidence which the ALJ found credible was not credible evidence and could not be used to overcome the statutory presumption. This Court respectfully disagrees and determines that the evidence weighed by the ALJ was substantial evidence, if believed by the trier of facts. Absent an abuse of discretion, the credibility decision of the ALJ is determinative.

In this Court's view, the decision of the Appeals Council does not comport with the holding in *Kephart* which instructs:

> The fact of absence of an entry is 'evidence' and must be considered along

with any other evidence that may be introduced. At the same time, the 'presumptive' effect is not conclusive since the statute makes a sharp distinction between a positive entry which is given such conclusive status and the absence of entries which is only 'evidence.' The differing treatment has a rational basis. A claimant should not be deprived of the benefits to which the positive record entitles him, *but he should not be precluded from entitlement where he can produce evidence to fill a void in a silent record.* (Emphasis added).

*Kephart,* 505 F.2d at 1089. Therefore, absent any further advice from the Secretary in this case, the ruling of the Appeals Council is in error as a matter of law.

Accordingly, the Report and Recommendation of the United States Magistrate (doc. no. 15) is hereby GRANTED IN PART AND REVERSED IN PART: defendant's Motion for Sanctions (doc. no. 8A) is DENIED; plaintiff's Motion to Strike (doc. no. 10) is DENIED; and the final decision of the Secretary is REVERSED. This matter is REMANDED to the Secretary for the computation and award of old-age insurance benefits for which plaintiff has applied based on her application of December 20, 1983.

IT IS SO ORDERED.