United States Court of Appeals,

Eleventh Circuit.

No. 95-3298.

Terry DYSERT, Petitioner,

v.

UNITED STATES SECRETARY OF LABOR, Florida Power Corporation, Respondents.

Feb. 11, 1997.

Petition for Review of an Order of the United States Department of Labor.

Before ANDERSON and CARNES, Circuit Judges, and STROM[*], Senior District Judge.

STROM, Senior District Judge:

This appeal centers on the proper application of the statutory burdens of proof set forth in the whistleblower protection provisions of the Energy Reorganization Act (ERA), 42 U.S.C. § 5851(b)(3). For the reasons set forth in this opinion, the court affirms the Secretary of Labor's decision to dismiss the plaintiff's complaint.

FACTS

In January of 1992, Terry Dysert began working at Florida Power Corporation (FPC) as a one-year contract engineer. In July, only six months later, FPC terminated him. Dysert filed a complaint with the Wage and Hour Division of the Department of Labor claiming that he was fired in retaliation for raising safety and quality concerns about electrical relays to be used by FPC in its Crystal River Unit 3 nuclear power plant.

---

[*]Honorable Lyle E. Strom, Senior U.S. District Judge for the District of Nebraska, sitting by designation.

Dysert alleged in his complaint a violation of the whistleblower protection provisions of Section 211 of the Energy Reorganization Act, 42 U.S.C. § 5851. Under that statute, the Secretary of Labor may find that the employer unlawfully discriminated only if the complainant has demonstrated that his protected activity was a contributing factor in the unfavorable personnel action alleged in the complaint. 42 U.S.C. § 5851(b)(3)(C).

After a two-day hearing, the administrative law judge (ALJ) concluded that Dysert had failed to meet his burden of proving a violation, in other words, he had failed to demonstrate that his protected activity was a contributing factor in FPC's decision to terminate him.

The Secretary determined that the ALJ correctly applied the applicable burdens of proof, and further found that the record supported the ALJ's finding that Dysert's protected activity was not a contributing factor in FPC's decision to terminate him.[1] The Secretary of Labor adopted the ALJ's recommendation and dismissed the suit. Dysert appealed.

Dysert claims that the ALJ and the Secretary are misapplying the burdens set forth in § 5851(b)(3) as amended in 1992. He argues that after the amendments, Dysert was only required to make a prima facie showing of discrimination before the burden of persuasion shifted to FPC to prove by clear and convincing evidence

[1]Although the Secretary mistakenly used the phrase "motivating factor" in the last paragraph of his decision, the body of the opinion demonstrates that the Secretary properly employed the new "contributing factor" test to reach his conclusion.

that it would have terminated him in the absence of his protected activity. Dysert relies on the statement of Rep. Ford that "[o]nce the complainant makes a prima facie showing that protected activity contributed to the unfavorable personnel action ... a violation is established unless the employer establishes by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of such behavior." 138 Cong.Rec. H 11444 (Oct. 5, 1992). *See also* 138 Cong.Rec. H. 11409 (Oct. 5, 1992) (statement of Rep. Miller). Thus, the court must determine what burden § 5851(b)(3)(C) places on plaintiffs before the Secretary may find a violation.

### DISCUSSION

The proper interpretation of a statute is a question of law that the court will review de novo on appeal. *Bechtel Constr. Co. v. Secretary of Labor,* 50 F.3d 926, 931 (11th Cir.1995); *Marano v. Department of Justice,* 2 F.3d 1137, 1141 (Fed.Cir.1993).

Section 211 of the Energy Reorganization Act (formerly Section 210) was amended in 1992 to add an entirely new paragraph governing burdens of proof. That paragraph provides in part:

> (C) The Secretary may determine that a violation of subsection (a) of this section has occurred only if the complainant has demonstrated that any behavior described in subparagraphs (A) through (F) of subsection (a)(1) of this section was a contributing factor in the unfavorable personnel action alleged in the complaint.
>
> (D) Relief may not be ordered under paragraph (2) if the employer demonstrates by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of such behavior.

42 U.S.C. § 5851(b)(3)(C) and (D). The statute does not define "demonstrated" as it appears in subparagraph C.

Both the ALJ and the Secretary interpreted "demonstrated" to mean proved by a preponderance of the evidence. As this court recently recognized:

> [the court] must defer to an agency's interpretation of a statute committed to it for administration if, absent a clear and unambiguous indication of congressional intent, the agency has construed the statute reasonably. If "Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."

*Bechtel,* 50 F.3d at 932 *citing Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

The court must first determine whether the term "demonstrated" is ambiguous leaving room for administrative interpretation. The term is not defined in the statute and may be subject to more than one interpretation. Thus, the court concludes that "demonstrated" as it appears in the statute is ambiguous. As a result, the court must determine whether the Secretary's construction of the statute is reasonable. The court concludes that it is.

The Secretary first considered the language of the statute and noted that the ordinary meaning of the word "demonstrate" is to prove or make evident by reasoning or adducing evidence. Based on this meaning, the Secretary believed that something more than a prima facie showing was required.[2] The Secretary emphasized that

---

[2]The Supreme Court has recognized that "prima facie case" may be used to describe the plaintiff's burden of producing enough evidence to permit the trier of fact to infer that fact at

Congress had demonstrated in other subparagraphs of the statute that it knows how to require either a prima facie showing or proof by clear and convincing evidence.[3] The Secretary noted that it is an accepted rule of evidence that the party with the burden of persuasion must establish the elements of its case by a preponderance of the evidence.

Having engaged in a careful analysis, the Secretary concluded that the term "demonstrate" means to prove by a preponderance of the evidence. This is a reasonable interpretation of the statute and is entitled to deference by this court.

Because the Secretary concluded that Dysert had failed to prove by a preponderance of the evidence that his protected

---

issue. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254 n. 7, 101 S.Ct. 1089, 1094 n. 7, 67 L.Ed.2d 207 (1981). However, in the Title VII context, that term means the establishment of a legally mandatory, rebuttable presumption by proving all of the elements of the prima facie case by a preponderance of the evidence. *Burdine,* 450 U.S. at 252-53 and 254 n. 7, 101 S.Ct. at 1093-94 and 1094 n. 7.

[3]For example, the statute provides in part:

> (A) The Secretary shall dismiss a complaint filed under paragraph (1), and shall not conduct the investigation required under paragraph (2), unless the complainant has made a *prima facie showing* that any behavior described in subparagraphs (A) through (F) of subsection (a)(1) of this section was a contributing factor in the unfavorable personnel action alleged in the complaint.

> (B) Notwithstanding a finding by the Secretary that the complainant has made the showing required by subparagraph (A), no investigation required under paragraph (2) shall be conducted if the employer demonstrates, *by clear and convincing evidence,* that it would have taken the same unfavorable personnel action in the absence of such behavior.

42 U.S.C. § 5851(b)(3)(A) and (B) (emphasis added).

activity was a contributing factor in FPC's decision to terminate him, the Secretary properly dismissed the complaint.  For these reasons, the decision of the Secretary is AFFIRMED.