**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2023 MSPB 23**

Docket No. PH-1221-18-0073-W-1

**Nikesha Yvette Williams,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

August 17, 2023

Nikesha Yvette Williams, Yorktown, Virginia, pro se.

Kimberly J. Lenoci, Hanscom Air Force Base, Massachusetts, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the petition, REVERSE the initial decision, and REMAND for adjudication on the merits.

## BACKGROUND

¶2 On November 30, 2015, the appellant received an excepted-service appointment to a Quality Assurance Specialist (QAS) (Electronics) position with the Defense Contract Management Agency. Initial Appeal File (IAF), Tab 10

at 6. Her official duty station was at the Raytheon facility in Andover, Massachusetts. *Id.* As a QAS, her duties included "risk based surveillance" of supplier quality systems and notifying contracting offices of deficient contract and technical requirements. IAF, Tab 5 at 37-38.

¶3    Effective October 28, 2016, the agency terminated the appellant's employment during her probationary period based on alleged performance and conduct issues. *Id.* at 55. The appellant subsequently filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC). IAF, Tab 1 at 18-44. In her complaint, she alleged that, in her role as QAS, she disclosed to management various instances of nonconformance during inspections at Raytheon, and that the agency terminated her employment in retaliation for those disclosures. *Id.* On November 3, 2017, OSC informed the appellant that it was closing its investigation into her complaint and advised her of her Board appeal rights, noting that her disclosures were subject to a higher evidentiary burden and citing 5 U.S.C. § 2302(f)(2). *Id.* at 138.

¶4    The appellant filed a timely IRA appeal and requested a hearing. IAF, Tab 1 at 1-5. The administrative judge informed the appellant of her burden of proof on jurisdiction and directed her to submit evidence and argument on the issue. IAF, Tab 4. Both parties responded to the order. IAF, Tabs 11-20.

¶5    In an initial decision dated February 2, 2018, the administrative judge dismissed the appeal for lack of jurisdiction without conducting the appellant's requested hearing. IAF, Tab 21, Initial Decision (ID). The administrative judge found that the appellant had exhausted her administrative remedies with OSC concerning six alleged protected disclosures. ID at 4. He further found that the appellant nonfrivolously alleged that she reasonably believed two of those disclosures evidenced a violation of law, rule, or regulation, specifically, the Federal Acquisition Regulations. ID at 4-9; *see* 5 U.S.C. § 2302(b)(8)(A)(i). In addition, he found that the appellant made a nonfrivolous allegation that those

two disclosures were a contributing factor in her probationary termination. ID at 9-10.

¶6      However, the administrative judge further found that the appellant's disclosures, which were made in the normal course of her duties, fell within the scope of 5 U.S.C. § 2302(f)(2), and would be excluded from protection under section 2302(b)(8) absent a showing that the agency took, failed to take, or threatened to take or fail to take a personnel action "in reprisal" for those disclosures.[1]  ID at 11.  The administrative judge further reasoned that, in order to establish jurisdiction under these circumstances, the appellant was required to make a nonfrivolous allegation that the agency terminated her with an improper retaliatory motive.  ID at 11-12.  He concluded that the appellant failed to make such a nonfrivolous allegation, and thus failed to establish jurisdiction over her appeal.  ID at 12-13.

¶7      The appellant filed a timely petition for review, in which she argues that the administrative judge erred in finding that she failed to nonfrivolously allege an improper retaliatory motive.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## ANALYSIS

### Section 2302(f)(2) does not limit the Board's IRA jurisdiction.

¶8      It is well settled that the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations[2] that (1) she made a protected disclosure described under

---

[1] Lacking the benefit of the Board's subsequent decision in *Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, the administrative judge did not address whether the appellant's principal job function was to investigate and report wrongdoing.

[2] The Board's regulation at 5 C.F.R. § 1201.4(s) defines a "nonfrivolous allegation" as "an assertion that, if proven, could establish the matter at issue" and specifies that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that:  (1) is more than conclusory; (2) is

5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a).  *Smolinski v. Merit Systems Protection Board*, 23 F.4th 1345, 1350 (Fed. Cir. 2022); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence.  *Salerno*, 123 M.S.P.R. 230, ¶ 5.

¶9    In dismissing this appeal for lack of jurisdiction, the administrative judge assumed that in order for the appellant to nonfrivolously allege that her disclosures were protected under 5 U.S.C. § 2302(b)(8), she also had to make a nonfrivolous allegation that her disclosures were not excluded from protection by operation of 5 U.S.C. § 2302(f)(2).  For the reasons discussed below, we find that 5 U.S.C. § 2302(f)(2) does not impose an additional jurisdictional requirement, but rather should be considered during the merits phase of adjudication.

¶10    The current version of 5 U.S.C. § 2302(f)(2), which  specifically addresses disclosures made in an employee's normal course of duties, provides:

> If a disclosure is made during the normal course of duties of an employee, the principal job function of whom is to regularly investigate and disclose wrongdoing (referred to in this paragraph as the "disclosing employee"), the disclosure shall not be excluded from subsection (b)(8) if the disclosing employee demonstrates that an employee who has the authority to take, direct other individuals to take, recommend, or approve any personnel action with respect to the disclosing employee took, failed to take, or threatened to take or fail

plausible on its face; and (3) is material to the legal issues in the appeal.  For purposes of determining IRA jurisdiction, "the question of whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020).

to take a personnel action with respect to the disclosing employee in reprisal for the disclosure made by the disclosing employee.[3]

The Whistleblower Protection Enhancement Act of 2012 (WPEA) first introduced the statutory language in 5 U.S.C. § 2302(f)(2) that a disclosure made in the normal course of duties is protected if the agency "took, failed to take, or threatened to take or fail to take a personnel action with respect to" an employee "in reprisal for the disclosure." Pub. L. No. 112-199, § 101(b)(2)(C), 126 Stat. 1465, 1466 (2012). The legislative history of the WPEA makes clear that this language was intended as an "extra proof requirement," such that an employee must "show not only that the agency took the personnel action 'because of' the disclosure, but also that the agency took the action with an improper, retaliatory motive." S. Rep. No. 112-155, at 5-6 (2012), *as reprinted in* 2012 U.S.C.C.A.N. 589, 593-94; *see also* S. Rep. No. 115-74, at 8 (2017) (explaining that the 2018 NDAA amendment clarifies that a disclosure within the scope of section 2302(f)(2) will not be excluded from whistleblower protection laws "if the employee can demonstrate that a personnel action taken against him or her was in reprisal for a disclosure").

¶11 However, we find nothing in the language of 5 U.S.C. § 2302(f)(2) or its legislative history to suggest that Congress intended for the extra proof requirement to limit the scope of the Board's IRA jurisdiction, which only requires a nonfrivolous allegation that a disclosure or activity is protected and was a contributing factor in a personnel action. Rather, the use of the term "demonstrates" in the statute indicates that this is a merits consideration. "Demonstrate" is defined as "to show clearly," and "to prove or make clear by

___

[3] This version of 5 U.S.C. § 2302(f)(2) was enacted in December 2017 as part of the National Defense Authorization Act for Fiscal Year 2018 (2018 NDAA), prior to the relevant events in this matter. Pub. L. No. 115-91, § 1097(c)(1)(B)(ii), 131 Stat. 1283, 1618 (2017). However, the Board has held that this version of 5 U.S.C. § 2302(f)(2) applies retroactively because the changes made to the statute by the 2018 NDAA merely clarified the existing law. *Salazar*, 2022 MSPB 42, ¶¶ 13-21.

reasoning or evidence." Merriam-Webster's Collegiate Dictionary 307 (10th ed. 2002). Furthermore, the word "demonstrates" in 5 U.S.C. § 2302(f)(2) is the same term used in 5 U.S.C. § 1221(e)(1), which describes the employee's burden of proof on the *merits* of a claim under 5 U.S.C. § 2302(b)(8) or (b)(9). *See* 5 U.S.C. § 1221(e)(1) (providing that the Board shall order corrective action if the appellant "has demonstrated" that a protected disclosure or activity was a contributing factor in the contested personnel action); *Watson v. Department of Justice*, 64 F.3d 1524, 1527-28 (Fed. Cir. 1995) (equating "demonstrates" in section 1221(e)(1) with "proves"). Generally, "[a] word or phrase is presumed to bear the same meaning throughout a text." *Intel Corporation v. Qualcomm Incorporated*, 21 F.4th 784, 793 (Fed. Cir. 2021) (quoting Antonin Scalia & Bryan A. Garner, Reading Law, 170 (2012)); *see also Gustafson v. Alloyd Company*, 513 U.S. 561, 568 (1995) ("In seeking to interpret the term 'prospectus,' we adopt the premise that the term should be construed, if possible, to give it a consistent meaning throughout the Act. That principle follows from our duty to construe statutes, not isolated provisions."). We therefore conclude that for purposes of 5 U.S.C. § 2302(f)(2), to "demonstrate" means to prove by a preponderance of the evidence.[4] *See Langer v. Department of the Treasury*, 265 F.3d 1259, 1264-65 (Fed. Cir. 2001) (explaining that an appellant in an IRA appeal must prove his prima facie case by preponderant evidence).

¶12  Under the whistleblower protection statutes, "whether [an] allegation can be *proven* is a question on the merits that does not properly form a part of the

---

[4] The courts have similarly found that the term "demonstrate," as used in other whistleblower protection statutes, entails proof by a preponderance of the evidence. *See Allen v. Administrative Review Board*, 514 F.3d 468, 476 n.1 (5th Cir. 2008) (interpreting "demonstrates" in the whistleblower protection provision of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, as requiring proof by preponderant evidence); *Dysert v. U.S. Secretary of Labor*, 105 F.3d 607, 609-10 (11th Cir. 1997) (interpreting "demonstrate" in a whistleblower protection provision of the Energy Reorganization Act, 42 U.S.C. § 5851, as requiring proof by preponderant evidence).

jurisdictional inquiry." *Johnston v. Merit Systems Protection Board*, 518 F.3d 905, 911 (Fed. Cir. 2008) (emphasis added) (quoting *Reid v. Merit Systems Protection Board*, 508 F.3d 674, 678 (Fed. Cir. 2007)). The requirement of proof by preponderant evidence implies a weighing of all relevant and competent evidence, which can be accomplished only after development of the record, including a hearing if one has been requested. 5 C.F.R. § 1201.4(q) (defining "preponderance of the evidence" as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue); *see Chiles v. Bowen*, 695 F. Supp. 357, 360 (S.D. Ohio 1988) ("[T]he preponderance of the evidence standard necessarily involves the consideration of the evidence both in support of and contrary to a proposition and the *weighing* of each to determine which represents the preponderance; this standard requires that all the evidence be examined in relation to the other to determine the balance.") (emphasis in original). Accordingly, we conclude that the potential applicability of 5 U.S.C. § 2302(f)(2) is not part of the jurisdictional analysis in an IRA appeal.

The appeal is remanded for adjudication on the merits.

¶13 As noted above, the administrative judge found that the appellant proved by preponderant evidence that she exhausted her remedies with OSC, and made nonfrivolous allegations that two of her disclosures were protected under section 2302(b)(8) and were a contributing factor in her probationary termination. We discern no error in those findings, and the parties do not contest them on review. Accordingly, we conclude that the Board has jurisdiction over this appeal, and that the appellant is entitled to a hearing on the merits of her claim. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

¶14 On remand, the appellant must demonstrate by a preponderance of the evidence that her disclosures were protected under 5 U.S.C. § 2302(b)(8) and that they were a contributing factor in the contested personnel action. 5 U.S.C. § 1221(e)(1). If the appellant's principal job function was to regularly investigate

and disclose wrongdoing and she made her disclosures in the normal course of her duties, to establish that her disclosures were protected, the appellant must also prove that the agency had an improper, retaliatory motive for terminating her. 5 U.S.C. § 2302(f)(2); S. Rep. No. 112-155, at 5-6.

¶15    In conducting that analysis, the administrative judge should first determine whether:  (1) the appellant's primary job function at the time of the disclosure was to investigate and disclose wrongdoing; and (2) the disclosure was made in the normal course of the appellant's duties.  The administrative judge may consider these questions in whichever order is more efficient, and the parties should be provided an opportunity to submit relevant evidence and argument.  If either condition is unsatisfied, then section 2302(f)(2) does not apply, and the appellant's disclosures would fall under the generally applicable 5 U.S.C. § 2302(b)(8).  *Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶ 22.

¶16    If conditions (1) and (2) are both satisfied, the administrative judge should next determine whether the appellant can meet her additional burden under section 2302(f)(2) by demonstrating that the agency took the contested personnel action "in reprisal" for her disclosures.  In doing so, the administrative judge should consider the totality of the evidence.  5 C.F.R. § 1201.4(q) (stating that the record as a whole should be considered when determining whether a party has met the preponderance of the evidence standard); *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) ("It is error for the MSPB to not evaluate all the pertinent evidence in determining whether an element of a claim or defense has been proven adequately.").  In addition to any direct evidence of retaliatory animus, the administrative judge should consider circumstantial evidence, including the following factors:  (1) whether the agency officials responsible for taking the personnel action knew of the disclosures and the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosures were in reprisal for the personnel action; (2) the strength or weakness of the agency's reasons for taking the personnel

action; (3) whether the disclosures were personally directed at the agency officials responsible for taking the action; (4) whether the acting officials had a desire or motive to retaliate against the appellant; and (5) whether the agency took similar personnel actions against similarly situated employees who had not made disclosures.  *See* 5 U.S.C. § 1221(e)(1) (explaining that an individual can prove that her disclosure was a contributing factor in a personnel action through circumstantial evidence, including the knowledge/timing test); *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999) (setting forth the factors for determining whether an agency has met its clear and convincing burden); *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013) (listing factors to be considered in determining whether an appellant has demonstrated contributing factor where the knowledge/timing test has not been satisfied).

## ORDER

We remand this appeal to the regional office for further adjudication consistent with this Opinion and Order.

FOR THE BOARD:


/s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.