## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANA MARIA ABREU VELEZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-1221-23-0147-W-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　Agency. | DATE:  July 15, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Ana Maria Abreu Velez, Atlanta, Georgia, pro se.

DeAnna Arcement, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant is a dermatologist who, since 2016, applied for approximately 60 positions at the Centers for Disease Control and Prevention (CDC), an agency within the Department of Health and Human Services (HHS), and has not been selected. *Abreu Velez v. Department of Health and Human Services*, MSPB Docket No. AT-3443-23-0033-I-1, Initial Appeal File (0033 IAF), Tab 22 at 18-19, 26-27. In January 2018, the appellant emailed the Office of Special Counsel (OSC) requesting an investigation into retaliation by the CDC for her exposure of "the biggest pharmaceutical scam in US and worldwide." *Id.* at 7-8. In October 2022, having received no reply from OSC, she filed an IRA appeal with the Board. 0033 IAF, Tab 1. The instant appeal was docketed in January 2023 after the appellant submitted January 5, 2023 closure letters from OSC that indicated that she had made new allegations of protected disclosures that concerned another matter. 0033 IAF, Tab 25 at 8-10; *Abreu Velez v. Department of Health and Human Services*, MSPB Docket No. AT-1221-23-0147-W-1, Initial Appeal File (0147 IAF), Tabs 1-2.

¶3     After docketing the instant appeal, the administrative judge ordered the appellant to submit argument and evidence concerning the Board's IRA jurisdiction—specifically, a list of her protected disclosures, the dates she made them, the individuals to whom she made the disclosures, why her belief in the truth of the disclosures was reasonable, and the agency's retaliatory actions, as well as evidence establishing that she exhausted her administrative remedy with OSC. 0147 IAF, Tab 3 at 7-8. The appellant responded timely by describing various matters about which she claimed to have made disclosures. 0147 IAF, Tab 4. The administrative judge issued a second order providing the appellant with a final opportunity to submit the requisite list. 0147 IAF, Tab 6 at 2. The

appellant filed two additional responses, including a list of over 40 alleged disclosures. 0147 IAF, Tab 7 at 34-37, Tab 10. The agency responded with a motion to dismiss for lack of jurisdiction. 0147 IAF, Tab 11.

¶4    Without holding a hearing, the administrative judge issued an initial decision in April 2023, considering the appellant's two sets of claims made to OSC. 0147 IAF, Tab 14, Initial Decision (ID). He assumed, without deciding, that the appellant exhausted her administrative remedy with OSC. ID at 5. He determined that the appellant's first set of claims of alleged disclosures, i.e., the "pharmaceutical scam," concerned wrongdoing by non-Federal Government entities that did not implicate the government's interests and good name. ID at 5-7. Thus, he determined that those alleged disclosures could not provide Board jurisdiction. *Id.* He determined that the appellant's second set of claims concerned alleged disclosures that the CDC engaged in unsuitable hiring practices for positions for which the appellant applied and was not selected, but that the appellant did not articulate a plausible basis for a reasonable belief in the truth of those disclosures. ID at 8-9. Alternatively, he found that she failed to describe a plausible connection between her alleged disclosures and her nonselections. ID at 9-11. Thus, he dismissed her IRA appeal for lack of jurisdiction. ID at 11.

¶5    The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tab 1. She argues that she had not been aware that her alleged protected disclosures must pertain to wrongdoing by the Federal Government, and she submits additional evidence. PFR File, Tab 1 at 13. The agency has responded in opposition to her petition for review.[2] PFR File, Tab 3.

_____

[2] The appellant submitted over 600 pages of documents with her petition for review, PFR File, Tab 1, and after the close of the record on review, she filed a motion for leave to submit an additional pleading, PFR File, Tab 4. In its response to the petition for review, the agency argues that the evidence submitted by the appellant is duplicative, irrelevant, or should not be considered by the Board because it was available prior to the close of the record below. PFR File, Tab 3 at 6. The Board ordinarily will not consider evidence or argument submitted for the first time on review unless the party shows that it was unavailable when the record closed below, *see* 5 C.F.R. § 1201.115(d), but it has stated that it may consider newly submitted evidence if it

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6    Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

¶7    The Board's regulation at 5 C.F.R. § 1201.4(s) defines a "nonfrivolous allegation" as "an assertion that, if proven, could establish the matter at issue" and specifies that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. *Williams v. Department of Defense*, 2023 MSPB 23, ¶ 8 n.2. For purposes of determining IRA jurisdiction, "the question of whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the individual alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its

---

implicates the Board's jurisdiction and warrants an outcome different from that in the initial decision. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013). While we find that the appellant has established the Board's jurisdiction even without the newly submitted argument and evidence, we nevertheless discuss some of the evidence herein; however, we deny the appellant's motion for leave to submit additional argument and evidence on petition for review. On remand, the parties will have an opportunity to raise before the administrative judge further argument and evidence, including those that were not addressed on review. The administrative judge should consider the additional submissions to the extent they are relevant and it is otherwise appropriate to do so.

face." *Id.* (citing *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020)). Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

The appellant satisfied her obligation to exhaust before OSC her nonselections by the CDC.

¶8 The administrative judge assumed without deciding that the appellant exhausted her claims before OSC. ID at 5. Because the Board has an obligation to determine whether it has jurisdiction over an appeal, we find it necessary to revisit this issue. *See Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1362 (Fed. Cir. 2007).

¶9 To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must have provided OSC with a sufficient basis to pursue an investigation into their allegations of whistleblower reprisal. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7; *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. Although the Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, an appellant may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001); *Chambers*, 2022 MSPB 8, ¶ 10. The appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. 5 U.S.C. § 1214(a)(3); *Chambers*, 2022 MSPB 8, ¶ 11; 5 C.F.R. § 1201.57(c)(1). Allegations provided in Board forms that required attestation are sufficient to prove exhaustion if such allegations are unrebutted. *See Chambers*, 2022 MSPB 8, ¶ 11 n.7.

¶10 Here, the appellant has submitted evidence proving exhaustion of some, but not all, of the claims she currently raises with the Board. In its January 5, 2023 closure letters, OSC summarized the appellant's claims as alleging that the CDC continuously and unlawfully did not select her for employment in retaliation for

whistleblowing and protected activity. 0147 IAF, Tab 1 at 8-9. The letter provided that she identified her protected activity as "the filing of numerous reports between 2016 until the present to several agency officials, regarding [her] non selection to numerous positions for which [she] applied." *Id.* at 8. In her sworn Board pleadings, the appellant asserts that she also raised other matters with OSC. 0147 IAF, Tab 7 at 15-16. She submitted as evidence in the course of her initial Board appeal a completed OSC complaint in a modified format along with sworn allegations that she submitted this document to OSC. 0033 IAF, Tab 22 at 4, 8, 11, 13-37.

¶11    Based on this document, we find that the appellant exhausted with OSC continuous and allegedly retaliatory nonselections by the CDC for the protected activity of complaining to the Office of Inspector General (OIG) of HHS. *Id.* at 25-26, 32-34. We also find that she exhausted retaliation by the CDC for protected disclosures including disclosures of a pharmaceutical scam involving the Federal Government, disclosures of whistleblower retaliation, and disclosures of other improper hiring practices by the CDC. *Id.* at 20-27. She set forth a nonexhaustive list of disclosures that included the dates of the disclosures, the individuals to whom she made the disclosures, and how she made them, e.g., via FedEx or email. *Id.* at 29-37. Such information provided OSC with a sufficient basis to pursue their investigation into the allegedly retaliatory personnel actions by the CDC. *See Chambers*, 2022 MSPB 8, ¶ 10. As the appellant may give a more detailed account of her whistleblowing activities before the Board, we may consider all communications that the appellant has alleged in her Board pleadings that stem from these core claims in assessing the remaining jurisdictional requirements. 0147 IAF, Tab 7 at 34-37; *see Briley*, 236 F.3d at 1378.

¶12    We note that not all of the appellant's allegations before the Board were exhausted with OSC. For the first time on review, the appellant submits new argument and evidence that individuals at the Food and Drug Administration (FDA) retaliated against her for several disclosures made to the Commissioner,

Principal Deputy Commissioner, and Director of the Advisory Committee Oversight and Management Staff in late 2022 concerning improper waivers of conflicts of interest of FDA advisory committee members and reviewers. PFR File, Tab 1 at 43, 49-50, 62-67. Notably, she submits an email from the Director stating that, based on her "inflammatory remarks . . . regarding FDA's advisory committees and reviewers," he determined that she would "not be a good fit" for the advisory committees" and "initiated a hold on [her] application, resulted in the automated rejection letters being sent." *Id.* at 43. Because the appellant did not raise with OSC claims of retaliation by the FDA for these disclosures, we find that she has not established the Board's IRA jurisdiction over her nonselections to advisory committee positions with the FDA.[3]  0033 IAF, Tab 22 at 13-37; 0147 IAF, Tab 7 at 15-16.

<u>The appellant has made nonfrivolous allegations that she made protected disclosures and engaged in protected activity.</u>

¶13      A protected disclosure is one which the individual "reasonably believes evidences:  (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). The proper test for determining whether an individual had a reasonable belief that a disclosure was protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by her could reasonably conclude that:  (1) the alleged wrongdoing occurred; and (2) the alleged wrongdoing evidences one of the categories identified in 5 U.S.C. § 2302(b)(8).

---

[3] If the appellant has filed or intends to file an OSC complaint regarding her nonselections for advisory committee positions with the FDA, she may file a new IRA appeal regarding such a claim. Such an appeal must be filed consistent with law and the Board's regulations. Under 5 U.S.C. § 1214(a)(3), an appellant may file an IRA appeal with the Board once OSC closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her or 120 days have elapsed since she sought corrective action from OSC and she has not been notified by OSC that it shall seek corrective action on her behalf. *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 7 n.2.

*Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 28 (2014). The test for protected status is not the truth of the matter disclosed but whether it was reasonably believed. *Id.*

¶14 The administrative judge found that the appellant's numerous alleged disclosures of a "pharmaceutical scam" were not protected because they did not concern wrongdoing by the Federal Government. ID at 6-8. He reasoned that the appellant described the Federal Government as the victim of the illegal acts of non-Federal Government entities, including Gilead Sciences, Inc. (a biopharmaceutical company), Emory University, and University System of Georgia, rather than a participant in the alleged wrongdoing. ID at 7. The administrative judge further found that the Federal Government's interests and good name were not implicated in the alleged wrongdoing. ID at 6-7. We disagree with these conclusions.

¶15 The Board has held that a disclosure of wrongdoing committed by a non-Federal Government entity may be protected only when the Government's interests and good name are implicated in the alleged wrongdoing. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶¶ 16, 20. The appellant allegedly disclosed that these non-Federal Government entities, which she has called "the cartel," violated several laws in the process of obtaining new drug approvals and patents for old, generic human immunodeficiency virus (HIV) and hepatitis drugs, gaining lucrative monopolies on these drugs for a period of time. 0033 IAF, Tab 22 at 20-25; 0147 IAF, Tab 4 at 8-12, Tab 7 at 5-9, 43-51. She also allegedly disclosed that the Federal Government wasted trillions of dollars in payments through Medicare and Medicaid and the Department of Veterans Affairs for these drugs—compared to the millions it would have paid on the generic drugs—and that the unaffordability of these drugs harmed public health and safety. 0147 IAF, Tab 7 at 5, 47. We find that these disclosures implicate the interests and good name of agencies within HHS, particularly the FDA, which is responsible for evaluating and approving new drugs for American consumers.

*See* 21 C.F.R. part 314; *see also* FDA, Development & Approval Process, Drugs, https://www.fda.gov/drugs/development-approval-process-drugs (last visited July 10, 2024) (describing its Center for Drug Evaluation and Research as "the main consumer watchdog" of the pharmaceutical system); *cf. Covington*, 2023 MSPB 5, ¶ 25 (finding that an Indian tribe's alleged conflict of interests concerning timber sales implicated the agency's reputation in its oversight of Indian resources and land). In fact, the appellant has expressly alleged that the FDA failed in its regulatory obligations in approving these drugs and claimed such in at least one of her alleged disclosures. *See, e.g.*, 0147 IAF, Tab 7 at 23; *see also* 0033 IAF, Tab 22 at 25; PFR File, Tab 1 at 16, 20, 22, 30.

¶16　　We further find that the appellant has nonfrivolously alleged a reasonable belief in the truth that wrongdoing occurred and that it evidences a category of wrongdoing under section 2302(b)(8). *Shannon*, 121 M.S.P.R. 221, ¶ 28. The appellant has argued that she can prove that the cartel illegally acquired drug approvals and patents through a comparison of New Drug Applications (NDAs) submitted to the FDA, which are allegedly in her possession, and she has provided some medical explanation for how the differences in the new drugs from the old, generic drugs have no significance in terms of effectiveness. 0033 IAF, Tab 22 at 23-25; 0147 IAF, Tab 7 at 5-9, 13. She has also pointed to other alleged deficiencies in the NDAs that made the FDA's approval of the new drugs improper. *See, e.g.*, PFR File, Tab 1 at 22. She has submitted some evidence of Federal Government spending on these medications, which she appears to have obtained through Freedom of Information Act (FOIA) requests. *See, e.g., id.* at 216-39. Considering the appellant's education and experience in the field of clinical trials compliance and research, *see id.* at 412-13, we find that the appellant has made nonfrivolous allegations as to the reasonableness of her belief that the approval/patenting of these drugs and the Federal Government's subsequent purchases of these medications through its programs violated rules or laws and/or constituted gross mismanagement and gross waste of funds,

0033 IAF, Tab 22 at 20-25; 0147 IAF, Tab 7 at 5-9; *see, e.g.*, *Kalil v. Department of Agriculture*, 96 M.S.P.R. 77, ¶ 16 (2004) (discussing various cases in which the Board has considered an individual's background or education in determining whether they had a reasonable belief that a category of wrongdoing occurred). Moreover, any doubt or ambiguity as to whether the appellant has made a nonfrivolous allegation of a reasonable belief should be resolved in favor of affording the appellant a hearing. *Huffman v. Office of Personnel Management*, 92 M.S.P.R. 429, ¶ 13 (2002). Thus, we find that she has made nonfrivolous allegations of protected disclosures.[4] 0147 IAF, Tab 7 at 10-13.

¶17  We also find that the appellant nonfrivolously alleged that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C). 0147 IAF, Tab 4 at 12, 18, Tab 7 at 11-12; 0033 IAF, Tab 22 at 40. Under 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to OIG or OSC is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8.[5] In her OSC complaint and Board pleadings, she lists emails from HHS OIG with subject lines such as, "Confirmation Receipt for Healthcare Fraud" and "Confirmation Receipt for Other Complaint," sent on November 28, 2020; September 5, 2021; November 3, 2021; and October 14, 2022. 0033 IAF, Tab 22 at 29-33; 0147 IAF, Tab 7 at 11-12.[6] Such is sufficient to find that the appellant made nonfrivolous

---

[4] The appellant also allegedly disclosed that several employees of HHS accepted bribes from the cartel and that several top-level executives held conflicts of interest with the cartel. *See, e.g.*, 0033 IAF, Tab 22 at 21-22; 0147 IAF, Tab 4 at 10, Tab 7 at 5-10, 13-14, 19-23, 53-56, Tab 10 at 5-6, 9. We need not determine whether the appellant has made nonfrivolous allegations of a reasonable belief in the truth of each and every matter disclosed in a communication. *See generally Skarada*, 2022 MSPB 17, ¶ 13 (the Board has jurisdiction if the appellant makes a nonfrivolous allegation that she made at least one protected disclosure that was a contributing factor in at least one personnel action).

[5] However, the nature of the disclosure may be relevant at the merits stage, when an appellant must prove contributing factor. *Fisher*, 2023 MSPB 11, ¶ 8 n.1.

[6] The appellant submits some evidence on review of her protected activity, including her October 14, 2022 complaint to HHS OIG and OIG's response referring her to OSC.

allegations that she made disclosures in accordance with OIG's complaint processes and thus engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C).

¶18 Finally, we find that the appellant nonfrivolously alleged protected disclosures of whistleblower retaliation based on the above. The appellant has alleged that she complained to various HHS employees and executives that the CDC was continuing to retaliate against her for her protected whistleblower disclosures or activities, which allegedly contributed to her continued nonselections for positions with the CDC. *See, e.g.*, 0147 IAF, Tab 7 at 19-21, 25-26, 68-69; PFR File, Tab 1 at 105-08. She has explained that the repeated rejections of her applications, including for erroneous reasons such as not meeting basic eligibility requirements like citizenship or education, led her to believe that she had been blacklisted from all CDC jobs since 2016. 0147 IAF, Tab 7 at 14; *see also* PFR File, Tab 1 at 21, 27, 33-36, 79, 81, 109-11, 505. Consistent with our other findings, we find that the appellant has made nonfrivolous allegations as to the reasonableness of her belief in the matter disclosed when she complained of whistleblower retaliation.

The appellant has nonfrivolously alleged that at least one protected disclosure or activity was a contributing factor in at least one personnel action.

¶19 The appellant has listed numerous vacancies at the CDC from 2016 through 2022 for which she applied but was not selected. 0147 IAF, Tab 4 at 20-24. She alleges that she has been blacklisted from all positions with the CDC, which has been effectuated either through software automatically rejecting her applications or the individual actions of Human Resources Office (HRO) employees. PFR File, Tab 1 at 21, 33-36, 81, 109, 505. She accuses the Chief Operating Officer of the CDC, who oversees the HR department, among others, of being a leader of this retaliatory plot. 0033 IAF, Tab 22 at 25; 0147 IAF, Tab 10 at 7; PFR File, Tab 1 at 105. The administrative judge, addressing the appellant's alleged whistleblower disclosures and activities en masse, found that she failed to

---

*See, e.g.*, PFR File, Tab 1 at 308-13, 332-38.

describe a plausible connection between her alleged disclosures and activities and her nonselections. ID at 9-11. He reasoned that she failed to allege any facts that could show that agency officials involved in her hiring determinations had knowledge of her alleged disclosures or activities. ID at 10. He further found that the "chain of events" she described was "both conclusory and implausible." *Id.*

¶20    We generally agree that some aspects of the alleged blacklisting plot, as well as its scale, seem implausible.[7]    However, we do not agree with the administrative judge's conclusions because we find that the appellant has made nonfrivolous allegations that at least one of her nonselections[8] was taken in reprisal for at least one alleged protected disclosure or activity. *See Skarada*, 2022 MSPB 17, ¶ 13. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact or content of a protected disclosure was one factor that tended to affect a personnel action in any way. *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15. One way to establish contributing factor for jurisdictional purposes is circumstantial evidence, such as the acting official's knowledge of the protected activity and the timing of the personnel actions. *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014). An appellant's nonfrivolous allegation that the official taking the personnel action knew of the protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action is sufficient to meet the knowledge/timing test and to satisfy the appellant's burden to make a nonfrivolous allegation of a contributing factor. *Id.*

---

[7] For example, at times, the appellant has alleged that the cartel bribed Human Resources employees tasked with reviewing her applications. 0033 IAF, Tab 22 at 26; 0147 IAF, Tab 7 at 25, 152-53; PFR File, Tab 1 at 33-35.

[8] A nonselection, including an agency's failure to refer an applicant to the selecting official, is a personnel action under the WPEA. 5 U.S.C. § 2302(a)(2)(A); *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 14.

The Board has held that personnel actions occurring within 1 to 2 years of the protected disclosure or activity are sufficient to meet the timing prong of the knowledge/timing test. *Abernathy*, 2022 MSPB 37, ¶ 15.

¶21    In finding that the appellant failed to make nonfrivolous allegations of the knowledge prong of the knowledge/test, the administrative judge reasoned that Federal agencies are enormous institutions, so "emails to individuals like the director of the agency do not show that specific employees involved with day-to-day hiring for the various positions she applied for knew about her disclosures." ID at 9 n.9. We do not think it implausible that individuals in positions such as Chief Operating Officer for the CDC, to whom the appellant has allegedly made numerous disclosures, would communicate to lower-level HRO employees that she should not be referred for Deputy Director positions, for example. *See* 0033 IAF, Tab 22 at 25, 34-35; 0147 IAF, Tab 7 at 11, 21-22, 64-65. Moreover, the appellant has submitted argument and evidence suggesting that lower-level HRO employees involved in processing her applications knew of her status as a whistleblower: she has submitted several emails to CDC HRO email addresses and/or HRO/Customer Support helpdesk tickets asserting her status as a whistleblower and alleging retaliation. *See, e.g.*, 0147 IAF, Tab 7 at 17, 57-58, 221, 225; *see also* PFR File, Tab 1 at 297-300, 307. Based on such, we conclude that the appellant has made nonfrivolous allegations that individuals involved in her nonselections had knowledge of the fact or content of her whistleblower disclosures or activities. The appellant's allegations of nonselections for CDC positions within 1-2 years after these disclosures satisfies the timing prong at the jurisdictional stage. 0147 IAF, Tab 4 at 20-24.

¶22    Accordingly, we find that the appellant has nonfrivolously alleged that she made at least one protected disclosure that was a contributing factor in at least one covered personnel action. *See Skarada*, 2022 MSPB 17, ¶ 13. Thus, we find that she has established jurisdiction over this IRA appeal and is entitled to a hearing on the merits. *Salerno*, 123 M.S.P.R. 230, ¶ 5; 5 C.F.R. § 1201.57(c)(4).

On remand, the administrative judge may adjudicate the merits of this appeal in the order he deems most efficient, and our conclusion that the appellant has presented nonfrivolous allegations regarding the existence of protected disclosures, a personnel action, and causation in no way disposes of the merits of those issues. *See Kalil*, 96 M.S.P.R. 77, ¶ 18 (2003).

## ORDER

¶23     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.