**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2024 MSPB 13**

Docket No. NY-1221-23-0093-W-1

**LaDonna Collier,**

**Appellant,**

**v.**

**Small Business Administration,**

**Agency.**

October 29, 2024

LaDonna Collier, Staten Island, New York, pro se.

Claudine Landry, Andrew D. Howell, Esquire, Bryan A. Upshur, Esquire, and Trevonne V. Walford, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

**OPINION AND ORDER**

¶1      The appellant petitions for review of the initial decision that dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the following reasons, we DENY the petition and AFFIRM the initial decision, except as expressly MODIFIED to supplement the administrative judge's analysis as to why the appellant did not nonfrivolously allege that her disclosures evidenced an abuse of authority. In so doing, we overrule one aspect of the Board's decision in *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 24 (2005).

## BACKGROUND

¶2    The appellant asserted that, in reprisal for disclosures alleging, among other things, that various employees failed to follow internal procedures to accurately detect and report instances of fraudulent activity, the agency subjected her to several personnel actions, including terminating her employment and creating a hostile work environment. Initial Appeal File (IAF), Tabs 1, 5, 10, 29. The administrative judge dismissed the appeal for lack of jurisdiction on finding that, although the appellant exhausted her remedies with the Office of Special Counsel (OSC), she did not nonfrivolously allege that she reasonably believed that any of her disclosures were protected under 5 U.S.C. § 2302(b)(8) as a violation of law, rule, or regulation, an abuse of authority, or gross mismanagement. IAF, Tab 35, Initial Decision (ID) at 1-2, 6-7, 9-39, 42. The administrative judge also found that the appellant did not nonfrivolously allege that any activity she engaged in was protected. ID at 29-30, 33, 37, 39.

¶3    The appellant has petitioned for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review File, Tabs 1, 4, 5.

## ANALYSIS

¶4    The appellant has not established any basis for granting her petition for review. *See* 5 C.F.R. § 1201.115 (setting forth the criteria for granting a petition for review). Therefore, we deny the petition for review and affirm the initial decision.[1] Nevertheless, we modify the initial decision to clarify the Board's analysis in determining whether an appellant has nonfrivolously alleged an abuse of authority.

¶5    The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and made nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8)

---

[1] Because we agree with the administrative judge's conclusion that the appellant did not nonfrivolously allege that she disclosed gross mismanagement, an abuse of authority, or violations of law, rule, or regulation, it is unnecessary to address her claims concerning alleged personnel actions and contributing factor.

or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *Williams v. Department of Defense*, 2023 MSPB 23, ¶ 8. The disclosures described under 5 U.S.C. § 2302(b)(8)(A) include, among other things, an "abuse of authority." Section 2302 does not define an abuse of authority. However, the Board has long held that an "abuse of authority" occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to the Federal official, employee, or some preferred other persons. *See Wheeler v. Department of Veterans Affairs*, 88 M.S.P.R. 236, ¶ 13 (2001). That definition is based on OSC's definition of the term in prior regulations, as well as a presumption that Congress was aware of OSC's definition when it enacted the Whistleblower Protection Act but did not express an intention to give the term a different meaning. *See D'Elia v. Department of the Treasury*, 60 M.S.P.R. 226, 232 (1993), *overruled on other grounds by Thomas v. Department of the Treasury*, 77 M.S.P.R. 224 (1998), *overruled on other grounds by Ganski v. Department of the Interior*, 86 M.S.P.R. 32 (2000).

¶6        In the initial decision, the administrative judge included a statement from the Board's decision in *Mc Corcle*, 98 M.S.P.R. 363, ¶ 24, that an appellant's own personal complaints about how she was treated by the agency do not qualify as nonfrivolous disclosures of an abuse of authority. ID at 9. The Board stated that, "[t]aken as whole, the appellant's rambling allegations of abuses of authority are fundamentally his own personal complaints and grievances about how he was treated by the agency . . . and therefore do [not] constitute . . . a nonfrivolous allegation of a protected disclosure."[2] *Mc Corcle*, 98 M.S.P.R. 363, ¶ 24.

---

[2] *Mc Corcle* also held that "mere debatable disagreements with the agency's policy decisions" do not constitute nonfrivolous allegations of a protected disclosure. 98 M.S.P.R. 363, ¶ 24. That holding must now be read in conjunction with the applicable statute as amended by the Whistleblower Protection Enhancement Act

¶7    To the extent that *Mc Corcle* and any other Board decisions have held that a disclosure of an alleged abuse of authority is not protected simply because it involves personal complaints or grievances about how the agency treated an appellant, without assessing whether it meets the definition of "abuse of authority" set forth above, they are overruled. The interpretation of a statute begins with the language of the statute itself. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 16. There are no exceptions in the applicable statute for disclosures of abuses of authority that are personal complaints or grievances about treatment by an agency, nor does the Board's definition include such an exception. This is consistent with the principle that the definition of "abuse of authority" does not contain a de minimis standard or threshold, unlike disclosures involving the other types of wrongdoing set forth at 5 U.S.C. § 2302(b)(8)(A)(ii). *Wheeler*, 88 M.S.P.R. 236, ¶ 13. The key question in determining whether a nonfrivolous allegation of an abuse of authority has been made is whether there is an allegation of an arbitrary or capricious exercise of power by a Federal official or employee that adversely affected the rights of "any person," including an appellant, or that resulted in personal gain or advantage to the Federal official, employee, or some other preferred person. *D'Elia*, 60 M.S.P.R. at 232.

¶8    Moreover, the statement at issue in *Mc Corcle* was supported by a citation to *Willis v. Department of Agriculture*, 141 F.3d 1139 (Fed. Cir. 1998). *Mc Corcle*, 98 M.S.P.R. 363, ¶ 24. The Senate report on the proposed legislation that later was enacted as the Whistleblower Protection Enhancement Act of 2012 expressed concerns over decisions, including *Willis*, that narrowed the scope of the definition of a protected disclosure. S. Rep. No. 112-155, at 4-6 (2012). The

---

of 2012. *See* 5 U.S.C. § 2302(a)(2)(D) (stating that "disclosure" means a formal or informal communication or transmission, but does not include a communication concerning policy decisions that lawfully exercise discretionary authority unless the employee or applicant providing the disclosure reasonably believes that the disclosure evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015).

report concluded that the strong national interest in protecting good-faith whistleblowing required broad protection of whistleblower disclosures, notwithstanding any concern that management of the Federal workforce could be "unduly burdened if employees [could] successfully claim whistleblower status in ordinary employment disputes." *Id.* at 6. The committee concluded that the focus of the whistleblower analysis, therefore, should be on whether the employee reasonably believed that she disclosed a category of wrongdoing under 5 U.S.C. § 2302(b)(8), rather than whether her disclosure of information met the statutory definition of "disclosure." *Id.* at 6-7.

¶9    Although the initial decision in this case cited *Mc Corcle* for the principle that has now been overruled, the administrative judge nevertheless correctly addressed the issue of whether the appellant made a nonfrivolous allegation of an abuse of authority by applying the definition of abuse of authority to the allegations in this case. The administrative judge found that the appellant did not nonfrivolously allege that the actions in question were arbitrary or capricious, nor did the appellant nonfrivolously allege that the actions affected the rights of any person or resulted in personal gain to anyone. ID at 11-15, 21-39. As explained above, the appellant has shown no error in these findings.

¶10   Accordingly, we affirm the initial decision's dismissal of this appeal for lack of jurisdiction.

## ORDER

¶11   This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


_Gina K. Grippando_

Gina K. Grippando
Clerk of the Board
Washington, D.C.