## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GWENDOLYN BOOKER,

        Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

        Agency.

DOCKET NUMBER
NY-1221-24-0052-W-1

DATE: February 5, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gwendolyn Booker, Maybrook, New York, pro se.

Jennifer Smith and Douglas Cole Elliott, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member**

*The Board members voted on this decision before
the effective date of Acting Chairman Kerner's designation.
**Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant disagrees with the administrative judge's conclusion that she did not prove the exhaustion element of her jurisdictional burden regarding an alleged breach of confidentiality. Petition for Review (PFR) File, Tab 1 at 4; *see* Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 5. In support of this argument, the appellant attached additional evidence that includes some of her correspondence with the Office of Special Counsel (OSC) before it closed her complaint in November 2023. PFR File, Tab 1 at 5-18; *see* IAF, Tab 7 at 22-23. Although this evidence does show the appellant complaining of the breach of confidentiality to OSC, generally, her arguments and evidence do not indicate that she engaged in whistleblowing about the breach of confidentiality, suffered any retaliatory personnel action because of such whistleblowing, or exhausted any such claim. PFR File, Tab 1 at 5, 6,

15-18. Accordingly, we agree with the administrative judge's conclusion that the appellant did not establish jurisdiction over this matter.

On review, the appellant next disagrees with the administrative judge's conclusion that she did not present the nonfrivolous allegations necessary to establish jurisdiction over other claims, which generally involved a new supervisor's behavior towards the appellant and changes to the appellant's duties. PFR File, Tab 1 at 4; *see* ID at 5-8. However, we agree with the administrative judge's conclusion that the appellant did not meet her jurisdictional burden for these claims. To the extent that these claims were exhausted with OSC,[2] the appellant has not presented the requisite nonfrivolous allegations of protected disclosures that were a contributing factor to a covered personnel action.[3] *See, e.g., Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6 (discussing the nonfrivolous standard and the standard for a disclosure to be protected,

---

[2] Some of the appellant's arguments and evidence involve alleged wrongdoing that was not exhausted with OSC because it occurred in 2024, after OSC's close out of her complaint. *See*, *e.g*., IAF, Tab 8 at 18, Tab 9 at 4.

[3] While she provided a thorough description of the legal standards regarding an abuse of authority disclosure, the administrative judge cited *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 24 (2005) for the proposition that an appellant's own personal complaints and grievances about how she was treated by the agency or mere debatable disagreements with the agency's policy decisions do not constitute a nonfrivolous allegation of a protected disclosure. ID at 6-7. After the initial decision in this case was issued, the Board issued *Collier v. Small Business Administration*, 2024 MSPB 13, which overruled that holding from *Mc Corcle*. The *Collier* decision explained that there are no exceptions in the applicable statute for disclosures of abuses of authority that are personal complaints or grievances about treatment by an agency, nor does the Board's definition include such an exception. *Id*., ¶ 7. Rather, the key question in determining whether a nonfrivolous allegation of an abuse of authority has been made is whether there is an allegation of an arbitrary or capricious exercise of power by a Federal official or employee that adversely affected the rights of "any person," including an appellant, or that resulted in personal gain or advantage to the Federal official, employee, or some other preferred person. *Id*. Despite citing *Mc Corcle*, the administrative judge in this appeal explicitly found that the appellant's allegations did not illustrate an arbitrary and capricious exercise of power that adversely affected the rights of any person or resulted in personal gain or advantage to herself or preferred other persons, consistent with our holding in *Collier*. We therefore find the reference to *Mc Corcle* inconsequential.

including the requirement that the disclosure be specific and detailed, rather than vague allegations of wrongdoing).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.