# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DR. NATHAN T. PATEL,

       Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

       Agency.

DOCKET NUMBER
CH-1221-22-0149-W-1

DATE:  February 28, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nathan T. Patel</u>, Barrington, Rhode Island, pro se.

<u>Kimberly Huhta</u>, Dayton, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction the appellant's individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's disclosures and to address new evidence raised on review, we AFFIRM the initial decision.

## BACKGROUND

Since March 2021, the appellant worked as a Physician at the agency's Cincinnati Veterans Affairs Medical Center (VAMC). Initial Appeal File (IAF), Tab 7 at 9-10. Between June 2021 and December 2021, he repeatedly informed his supervisors that a Nurse Practitioner (NP) in his office did not see patients she was allegedly assigned, improperly delegated work to others, and performed deficiently. *Id.* at 28-41. The appellant said he had serious concerns about the NP's ability to practice medicine and requested her removal from the Employee Health Department. *Id.* On December 17, 2021, the appellant's supervisor notified him that he was under investigation for allegedly subjecting the NP to a hostile work environment, ordered the appellant not to contact or communicate with her, and temporarily relocated him to another office within the VAMC where he alleges he was unable to perform his job duties. *Id.* at 13, 44-46.

The appellant filed a complaint with the Office of Special Counsel (OSC) alleging retaliation for protected disclosures based on the temporary relocation, investigation, and impediments to his ability to perform his job duties. *Id.* at 12-23, 27. OSC closed its investigation and informed the appellant of his appeal rights with the Board. *Id.* at 4. The appellant timely filed this appeal alleging that the agency retaliated against him for reporting that the NP was a substantial and specific danger to public health and safety. IAF, Tab 1 at 6. The administrative judge issued an Order on Jurisdiction in which she properly informed the appellant of his burden to establish Board jurisdiction over his IRA appeal. IAF, Tab 3. In response, the appellant submitted a copy of his complaint to OSC with attachments, which included several emails to colleagues and supervisors raising his concerns about the NP's performance as well as the December 17, 2021 notice. IAF, Tab 7 at 4-46.

The administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1 at 2, Tab 12, Initial Decision (ID) at 1, 10-11. She found that the appellant exhausted his administrative remedies with OSC, but his disclosures were not protected under 5 U.S.C. § 2302(b)(8). ID at 6-10. Specifically, she held that the appellant's disclosures did not evidence a substantial and specific danger to public health or safety, gross mismanagement, gross waste of funds, or a violation of law, rule, or regulation. ID at 7-10. Regarding public health or safety, she reasoned that the appellant did not state the NP's actions were likely to create any imminent danger or harm for patients. ID at 8-9. She reasoned that he failed to show his disclosures concerned gross mismanagement because he merely complained about "the performance, attitude and conduct of a single employee" but did not allege facts that would show her performance had a significant adverse impact on the agency's ability to accomplish its mission. ID at 9. She further reasoned that the appellant's complaint that the NP performed the work of a registered nurse, a position with a salary substantially lower than an NP's, did not constitute a gross

waste of funds. *Id.* Finally, she reasoned that the appellant did not reveal a violation of law, rule, or regulation when he disclosed that the NP was not performing examinations required by her position description, which the administrative judge characterized as "nothing more than a squabble about the distribution of labor in his department." ID at 9-10.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. On review, the appellant states only that on March 10, 2022, before the administrative judge issued her initial decision, the agency proposed an unspecified personnel action against the appellant. PFR File, Tabs 1, 2. The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction over an IRA appeal, an appellant must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

Although the administrative judge correctly stated that the appellant was required to make a nonfrivolous allegation that he reasonably believed his disclosures evidence one of the circumstances described in 5 U.S.C. § 2302(b)(8), it does not appear that she analyzed his claims under that standard. ID at 7-10. Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. 5 U.S.C. § 2302(b)(8); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 52. The proper test for

determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Pridgen*, 2022 MSPB 31, ¶ 52.

The administrative judge's error was harmless because she implicitly found that a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the appellant could not reasonably conclude that the agency's actions evidence one of the circumstances described in 5 U.S.C. § 2302(b)(8). *See id.*, ¶ 56. The administrative judge properly found that the appellant's disclosures that the NP steered patients to the appellant, refused to conduct preemployment exams, and delegated administrative tasks and research projects did not constitute a substantial and specific danger to public health or safety because he did not allege that any patient failed to receive timely or appropriate care or would be put at risk of imminent harm due to the NP's actions. ID at 7-9; *see Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶¶ 15-17 (2011) (finding a physician reasonably believed a coworker's actions endangered a patient's life when he disclosed specific instances of misdiagnoses and delays in treatment for which he identified specific, potentially life-threatening consequences and at least one patient's condition deteriorated to the point he had to be intubated). Nor could the appellant's complaint that the NP's salary did not accurately reflect the duties she performed reasonably constitute a gross waste of funds. *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 23 (2005) ("A 'gross waste of funds' is defined as more than merely a debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the government."), *overruled on other grounds by Collier v. Small Business Administration*, 2024 MSPB 13, ¶¶ 1, 7. Finally, the administrative judge correctly found that the appellant failed to

identify any law, rule, or regulation that the NP violated by purportedly not performing her job duties. ID at 9-10. Rather, as the administrative judge reasoned, a position description is not a rule for purposes of 5 U.S.C. § 2302(b)(8). Thus, we modify the initial decision to explicitly find that the appellant failed to establish he had a reasonable belief that his disclosures were protected.

The administrative judge appears to have misconstrued the appellant's gross mismanagement allegation as a complaint about the NP's performance, attitude, and conduct. ID at 9. However, the appellant's complaint to OSC reflects that his allegation of gross mismanagement concerns management's failure to hold the NP accountable for what he perceived as her inadequacies. IAF, Tab 7 at 14, 27, 38. Gross mismanagement is a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. *See Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 12 (2013). Mere disagreement over the assignment of job duties and responsibilities is insufficient for finding a protected disclosure under the Whistleblower Protection Act. *Mc Corcle*, 98 M.S.P.R. 363, ¶ 22. There is no indication that the NP's alleged deficiencies had anything more than a de minimis impact on the agency's ability to accomplish its mission. Therefore, we find that he failed to nonfrivolously allege that a disinterested observer could reasonably believe that the agency's inaction constituted gross mismanagement.

The appellant's OSC complaint states that he disclosed an abuse of authority. IAF, Tab 7 at 20. The administrative judge did not address any alleged abuse of authority disclosure in her initial decision. However, we find that she did not err in this omission. Specifically, the appellant said that he was asked to perform work in a different location without equipment necessary to perform his job duties, that the agency had an employee spy on him, and that the agency did not take two Reports of Contact seriously. *Id.* The change in work location and assignment of an employee to spy on the appellant are arguably

personnel actions, not disclosures. The two Reports of Contact are disclosures, but the appellant states only that they were not taken seriously; he does not say what they contained, and, unlike his other disclosures, he did not submit copies of the reports. Thus, the appellant failed to make a nonfrivolous allegation that he disclosed an abuse of authority, and the administrative judge's failure to address this issue did not prejudice his substantive rights.

On review, the appellant claims that he received a proposed personnel action on March 10, 2022, which was over 2 weeks before the administrative judge issued her initial decision. PFR File, Tabs 1, 2. The appellant has not shown that he exhausted this claim with OSC, which he is required to do before seeking corrective action from the Board. 5 U.S.C. § 1214(a)(3). However, once he has done so, he may file a new IRA appeal with the Board.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.